UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

-------------------------------------------------------------X
*
ARTURO MARTINEZ, MILTON LOPEZ,                    *
TIMOTEO CHAMALE, LISETTE COLLADO,                 *
EDUARDO MOJICA, KELVIN FLORES,                    *
SERGIO FLORES-SANCHEZ, BRAVO V.                   *
PAULINO, and LUDOVIS VALENTIN SENA,               *
*
                              Plaintiffs,         *
*
            - against -                           *
*
ORTHO SLEEP PRODUCTS, LLC, ORTHO                  *
SLEEP USA, LLC, and MICHAEL FLAM,                 *
*
                              Defendants.         *
-------------------------------------------------------------X

**WEINSTEIN, J.**

**LEVY, M.J.**

CV 12 - 3679

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  JUL 24 2012  ★

**BROOKLYN OFFICE**

## COMPLAINT

Arturo Martinez, Milton Lopez, Timoteo Chamale, Lisette Collado, Eduardo

Mojica, Kelvin Flores, Sergio Flores-Sanchez, Bravo V. Paulino, and Ludovis Valentin Sena

(collectively "Plaintiffs/Class Representatives"), on behalf of themselves and all other similarly-

situated affected employees (the "Class Members"), by and through their attorneys, Friedman &

Wolf, allege, upon personal belief as to themselves and upon information and belief as to other

matters, as follows:

## INTRODUCTION

1.      Defendants Ortho Sleep Products, LLC ("Sleep Products"), a Delaware

corporation registered to do business in the state of New York, Ortho Sleep USA, LLC ("Sleep

USA"), a New York corporation, and Michael Flam ("Flam") (collectively "Defendants")

employed Plaintiffs/Class Representatives and Class Members at a factory owned and operated

1

113095

by Defendants in Ridgewood, New York, for most or all of the relevant time period.

2.     Throughout the relevant time period, Defendants failed to pay Plaintiffs/Class Representatives and Class Members minimum wages and/or overtime compensation, to which they were entitled under federal and New York law, and/or "spread of hours" pay, to which they were entitled under New York law. Defendants typically required Plaintiffs/Class Representatives and Class Members to work more than forty (40) hours per week but failed to pay them any overtime compensation in excess of forty (40) hours per week, as required by federal and New York law. Defendants frequently required many Plaintiffs/Class Representatives and Class Members to work more than ten (10) hours from the start of their shift in a given day but failed to pay the additional hour of compensation where mandated by New York law.

3.     Defendants did not accurately and completely document gross or net wages paid to Plaintiffs/Class Representatives and Class Members by the hour, day, or week. Defendants did not accurately and completely document total hours worked by the day or week. Moreover, Defendants did not provide wage statements/pay stubs for all wages Defendants paid to Plaintiffs/Class Representatives and Class Members. Defendants did not provide notices upon hire or annual notices, where relevant, to Plaintiffs/Class Representatives and Class Members, as required under New York law.

4.     Upon information and belief, Defendants maintain a policy to deprive employees of their wages to which they are entitled by law. Defendants' unlawful conduct includes, but is not limited to, requiring Plaintiffs/Class Representatives and Class Members to work without compensation and/or work significant overtime hours weekly without paying the overtime premium or "spread of hours" compensation.

113095

5.     Defendants have willfully violated the Fair Labor Standards Act and New York Labor Law by failing to pay Plaintiffs/Class Representatives and Class Members for all hours worked and/or pay any overtime premium, at one and a half times the regular rate, for hours worked in excess of forty (40) hours per week, failing to pay them "spread of hours" compensation when their workday exceeded more than ten (10) hours from the start of their shift, failing to maintain accurate and complete records, and failing to provide them with the required wage statements and notices, as applicable.

6.     Upon information and belief, Defendants are jointly and severally liable for the willful unlawful conduct described herein.

## NATURE OF THE ACTION

7.     This action is brought to recover unpaid wages owed to Plaintiffs/Class Representatives and all other similarly-situated affected employees of Defendants as well as equitable relief against Defendants' unlawful actions, and reasonable attorneys' fees and costs.

8.     Plaintiffs/Class Representatives bring this action on behalf of themselves and all similarly-situated affected employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and specifically the collective action provision of FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of FLSA, which have deprived Plaintiffs/Class Representatives and all others similarly-situated of their lawful, earned wages.

9.     Plaintiffs/Class Representatives also bring this action on behalf of themselves and all similarly-situated affected employees of Defendants, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including, but not limited to, unpaid minimum wages and/or overtime

3

compensation for work in excess of forty (40) hours per week, and/or "spread of hours" compensation pursuant to the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.* and Article 19 §§ 650 *et seq.*, and the corresponding New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, as well as for statutory damages under the wage statement and notice provisions of NYLL § 195.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs'/Class Representatives' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965.

12. This Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

Plaintiffs/Class Representatives

13. At all relevant times, Plaintiffs/Class Representatives Arturo Martinez, Milton Lopez, Timoteo Chamale, Lisette Collado, Eduardo Mojica, Kelvin Flores, Sergio Flores-Sanchez, Bravo V. Paulino, and Ludovis Valentin Sena were covered employees within the meaning of FLSA, 29 U.S.C. § 203(e), and NYLL Articles 6 and 19.

14. At all relevant times, all Plaintiffs/Class Representatives were engaged in commerce within the meaning of 29 U.S.C. § 207(a).

15. Plaintiff Arturo Martinez ("Martinez") worked for Defendants at 1633

4

Centre Street, Ridgewood, New York, from on or about October 15, 2010 until on or about April 23, 2012, when Defendants ceased operations and he was laid off with little or no notice. He assembled mattresses. For two of every four weeks, Martinez worked five (5) days per week, Monday through Friday, for at least ten (10) hours per day, from 7:30 a.m. until 5:30 or 6:00 p.m. During the other two weeks, Martinez worked six (6) days per week, Monday through Saturday, for at least ten (10) hours per day, for the same hours of the day. Defendants allotted Martinez one fifteen (15) minute paid lunch break each day. From the start of his employment until January of 2012, Defendants paid Martinez $9.50 per hour for all hours worked. In January of 2012, Defendants raised his rate of pay to $10.00 per hour. Regardless of his rate of pay, Defendants paid Martinez gross wages at a rate of $7.25 per hour for his first forty (40) hours worked by check, and they provided an accompanying pay stub with this check. Defendants then paid Martinez, in cash, the remainder of his hourly pay for each hour worked for his first forty (40) hours per week, plus his hourly rate per hour for each hour he worked over forty (40) hours. With these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Martinez any overtime compensation for any hours worked in excess of forty (40) hours. Defendants did not provide Martinez with the annual statutory notice on or before February 1, 2012.

16. Plaintiff Milton Lopez ("Lopez") worked for Defendants at 1633 Centre Street, Ridgewood, New York, from the first week of September of 2011 until April of 2012, when Defendants ceased operations and he was laid off with little or no notice. He operated machinery that "closed" mattresses. Lopez worked five (5) days per week, Monday through Friday, for approximately ten (10) hours per day, from 7:30 a.m. until 5:00 or 5:30 p.m.

Defendants allotted Lopez one fifteen (15) minute unpaid lunch break each day. Defendants paid Lopez $13.30 per hour for all hours worked. Defendants paid Lopez gross wages at a rate of $7.50 per hour for his first forty (40) hours worked by check and they provided an accompanying pay stub with this check. Defendants then paid Lopez, in cash, the remainder of his hourly pay for each hour worked for his first forty (40) hours per week, plus $13.30 per hour for each hour he worked over forty (40) hours. With these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Lopez any overtime compensation for any hours worked in excess of forty (40) hours. Defendants did not provide Lopez with the statutory notice upon hire or the annual notice, due on or before February 1, 2012.

17.　　Plaintiff Timoteo Chamale ("Chamale") worked for Defendants at 1633 Centre Street, Ridgewood, New York, from May 10, 2011 until the end of April of 2012, when Defendants ceased operations and he was laid off with little or no notice. He constructed mattress frames. From May of 2011 until January of 2012, Chamale worked six (6) days per week, Monday through Saturday, for approximately eleven and a half (11.5) or more hours per day, from 7:30 a.m. until approximately 7:00 p.m. or later. From January of 2012 until the end of April of 2012, Chamale worked five (5) days per week, Monday through Friday, for approximately ten and a half (10.5) hours per day, from 7:30 a.m. until approximately 6:00 p.m. Defendants allotted Chamale one thirty (30) minute unpaid lunch break each day. From the start of his employment until March of 2012, Defendants paid Chamale $9.00 per hour for all hours worked. In March, Defendants raised Chamale's hourly rate to $9.50 per hour for all hours worked. Regardless of his rate of pay, Defendants paid Chamale gross wages at a rate of $7.25

6

113095

per hour for his first forty (40) hours worked by check, and they provided an accompanying pay stub with this check. Defendants then paid Chamale, in cash, the remainder of his hourly pay for each hour worked for his first forty (40) hours per week, plus his hourly rate per hour for each hour he worked over forty (40) hours. With these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Chamale any overtime compensation for any hours worked in excess of forty (40) hours. Defendants did not provide Chamale with the statutory notice upon hire or an annual notice on or before February 1, 2012.

18.    Plaintiff Lisette Collado ("Collado") worked for Defendants at 1633 Centre Street, Ridgewood, New York, from the first week of September of 2011 until on or about May 5, 2012, shortly after Defendants had ceased operations. She was then laid off with little notice. She worked in the areas of customer service and billing. Collado worked five (5) days per week, Monday through Friday, for approximately nine (9) or more hours per day, from 8:00 a.m. until 5:00 or 5:30 p.m. Defendants did not allot Collado any meal breaks. Defendants paid Collado $250.00 in gross wages by check each week, and they provided an accompanying pay stub with this check. Defendants then paid Collado, in cash, $250.00 each week. If Collado did not work on one of the five (5) work days of the week, she would receive $100.00 in cash for the week in total. With these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Collado any overtime compensation for any hours worked in excess of forty (40) hours. Defendants did not provide Collado with the statutory notice upon hire or the annual notice, due

7

on or before February 1, 2012.

19.     Plaintiff Eduardo Mojica ("Mojica") worked for Defendants at 1633
Centre Street, Ridgewood, New York, from September of 2011 until on or about April 13, 2012,
when Defendants ceased operations and he was laid off with little or no notice. He assembled
mattresses. Mojica worked five (5) days per week, Monday through Friday, for approximately
nine (9) to ten (10) hours per day, from 8:00 a.m. until 5:00 or 6:00 p.m. However, on average,
Mojica worked twelve (12) to thirteen (13) hours per day one day of each week. From the start
of his employment until January of 2012, Defendants paid Mojica gross wages at a rate of $7.25
per hour for all hours worked. Defendants then raised Mojica's hourly rate of pay to $8.00.
Defendants paid Mojica for his first forty (40) hours worked at his hourly rate by check and they
provided an accompanying pay stub with this check. Defendants then paid Mojica, in cash, for
each hour he worked over forty (40) hours. With these cash payments, Defendants did not
provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations
that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of
pay. Defendants did not pay Mojica any overtime compensation for any hours worked in excess
of forty (40) hours. Defendants did not pay Mojica any "spread of hours" compensation for any
day in which his shift exceeded more than ten (10) hours. Defendants did not provide Mojica
with the statutory notice upon hire or the annual notice, due on or before February 1, 2012.

20.     Plaintiff Kelvin Flores ("Flores") worked for Defendants at 1633 Centre
Street, Ridgewood, New York, from on or about November 24, 2010 until on or about May 11,
2012, shortly after Defendants had ceased operations. He was then laid off with little notice. He
assembled mattresses. For three weeks of every month, Flores worked six (6) or seven (7) days
per week, Monday through Saturday or Sunday. For one week of every month, Flores worked

8

five (5) days per week, Monday through Friday. On average, Flores worked for approximately ten (10) to twelve (12) hours per day, starting at 7:30 a.m. Defendants allotted Flores one thirty (30) minute unpaid lunch break each day. Defendants paid Flores $9.50 per hour for all hours worked from the start of his employment until April of 2011, when Defendants raised his hourly wage to $10.00 per hour. In June of 2011, Defendants again raised his hourly wage to $10.50 per hour. Regardless of his rate of pay, Defendants paid Flores gross wages at a rate of $7.25 per hour for his first forty (40) hours worked by check and they provided an accompanying pay stub with this check. Defendants then paid Flores, in cash, the remainder of his hourly pay for each hour worked for his first forty (40) hours per week, plus his hourly rate per hour for each hour he worked over forty (40) hours. With these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Flores any overtime compensation for any hours worked in excess of forty (40). Defendants did not provide Flores with the annual notice on or before February 1, 2012.

21.     Plaintiff Sergio Flores-Sanchez ("Flores-Sanchez") worked for Defendants at 1633 Centre Street, Ridgewood, New York, from on or about June 20, 2011 until on or about December 15, 2011. He packaged mattresses. Flores-Sanchez worked five (5) days per week, Monday through Friday. On average, he worked at least eight (8) hours per day, from 8:00 a.m. until 4:00 p.m. or later three (3) days per week. For two (2) days of each week he would work eleven (11) to twelve (12) hours per day, until 7:00 or 8:00 p.m. Defendants allotted Flores-Sanchez one thirty (30) minute unpaid lunch break each day. Defendants paid Flores-Sanchez $8.00 per hour for all hours worked. Defendants paid Flores-Sanchez gross wages for his first

9

forty (40) hours worked by check and they provided an accompanying pay stub with this check.

Defendants then paid Flores-Sanchez, in cash, $8.00 per hour for each hour over forty (40)

hours. With these cash payments, Defendants did not provide a pay stub. Instead Defendants

placed cash pay in envelopes with handwritten notations that stated the amount of cash contained

therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Flores-

Sanchez any overtime compensation for any hours worked in excess of forty (40). Defendants

did not provide Flores-Sanchez with the statutory notice upon hire or the annual notice, due on or

before February 1, 2012.

      22.    Plaintiff Paulino V. Bravo ("Bravo") worked for Defendants at 1633

Centre Street, Ridgewood, New York, from on or about March 5, 2011 until on or about

February 28, 2012. He constructed mattress frames. For two of every four weeks, Bravo worked

five (5) days per week, Monday through Friday, for approximately eleven (11) to twelve (12)

hours per day, from 7:30 a.m. until as late as 8:00 p.m. However, his work days lasted as many

as fifteen (15) hours on occasion. During the other two weeks of the month, Bravo worked six

(6) days per week, Monday through Saturday, for eleven (11) to twelve (12) hours per day,

starting at 7:30 a.m. Defendants allotted Bravo one thirty (30) minute unpaid lunch break each

day. Defendants also required Bravo to work "off the clock" for three (3) hours per month on

average. Defendants did not compensate Bravo for these hours. Defendants paid Bravo $9.00

per hour for all hours worked "on the clock". Defendants paid Bravo gross wages for his first

forty (40) hours worked by check and they provided an accompanying pay stub with this check.

Defendants then paid Bravo, in cash, $9.00 per hour for each hour over forty (40) hours. With

these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay

in envelopes with handwritten notations that stated the amount of cash contained therein, and at

113095

times, the hours worked and/or the rate of pay. Defendants did not pay Bravo any overtime compensation for any hours worked in excess of forty (40). Defendants did not pay Bravo any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants did not provide Bravo with the annual notice on or before February 1, 2012.

        23.     Plaintiff Ludovis Valentin Sena ("Sena") worked for Defendants at 1633 Centre Street, Ridgewood, New York, from on or about December 12, 2011 until on or about April 20, 2012, when Defendants ceased operations and he was laid off with little or no notice. He packaged mattresses. Sena worked five (5) days per week, Monday through Friday, for nine (9) to twelve (12) hours per day, from 8:00 a.m. until at least 5:00 p.m., and regularly as late as 8:00 p.m. Defendants allotted Sena one thirty (30) minute unpaid lunch break each day. Defendants paid Sena $8.00 per hour for all hours worked. Defendants paid Sena gross wages at a rate of $7.25 per hour for his first forty (40) hours worked by check and they provided an accompanying pay stub with this check. Defendants then paid Sena, in cash, the remainder of his hourly pay for each hour worked for his first forty (40) hours per week, plus his hourly rate per hour for each hour he worked over forty (40) hours. With these cash payments, Defendants did not provide a pay stub. Instead Defendants placed cash pay in envelopes with handwritten notations that stated the amount of cash contained therein, and at times, the hours worked and/or the rate of pay. Defendants did not pay Sena any overtime compensation for any hours worked in excess of forty (40) hours. Defendants did not provide Sena with the statutory notice upon hire or the annual notice, due on or before February 1, 2012.

Defendants

        24.     Upon information and belief, Defendants Sleep Products, Sleep USA, and

11

Flam owned and/or operated a mattress factory located at 1633 Centre Street, Ridgewood, New York 11385.

25. Upon information and belief, Sleep Products is a Delaware domestic limited liability corporation which filed with the Delaware Department of State, Division of Corporations, on July 5, 2010. Sleep Products filed with the New York Department of State, Division of Corporations, as a foreign limited liability company on June 24, 2010, doing business in the County of Queens. Plaintiffs' pay stubs read "Ortho Sleep Products, LLC," and Flam's business card states the name of the entity operating at 1633 Centre Street as "Ortho Sleep Products."

26. Sleep Products is an "employer" of Plaintiffs/Class Representatives within the meaning of FLSA, 29 U.S.C. § 203(d), and NYLL Articles 6 and 19.

27. Upon information and belief, Defendant Flam was an owner, officer and/or operator of Sleep Products at all relevant times.

28. Upon information and belief, Sleep USA is a New York domestic limited liability corporation which filed with the New York Department of State, Division of Corporations, on November 9, 2011. Flam is listed as the contact name for process, and the address for process is 1633 Centre Street, Ridgewood, New York 11385.

29. Ortho Sleep USA is an "employer" of Plaintiffs/Class Representatives within the meaning of FLSA, 29 U.S.C. § 203(d), and NYLL Articles 6 and 19.

30. Upon information and belief, Defendant Flam was an owner, officer and/or operator of Sleep USA at all relevant times.

31. Upon information and belief, Defendant Flam was an "employer" of Plaintiffs/Class Representatives within the meaning of the FLSA, 29 U.S.C. § 203(d), and NYLL

12

113095

at all relevant times. Flam acted in the interest of Sleep Products and Sleep USA in relation to Plaintiffs/Class Representatives and similarly-situated employees or Class Members during the relevant time period. Flam, personally or through key managers, hired and fired employees, including Plaintiffs/Class Representatives and Class Members. Flam, personally or through key managers, supervised and controlled work schedules and conditions of employment of Plaintiffs/Class Representatives and Class Members. Flam, personally or through key managers, determined the rate and method of payment of Plaintiffs/Class Representatives and Class Members during the relevant time period. Flam, personally or through key managers, maintained employment records, to the extent such records were kept.

32. Upon information and belief, Defendants Sleep Products, Sleep USA, and Flam are a single employer and/or joint employers that have employed and/or jointly employed Plaintiffs/Class Representatives and Class Members for most or all of the relevant time period within the meaning of FLSA and NYLL. Defendants' operations are interrelated and unified and under common control. Defendants share control of Plaintiffs/Class Representatives and Class Members, and Plaintiffs/Class Representatives and Class Members have performed work which simultaneously benefits all Defendants. Defendants share employment policies, practices, and procedures. Each Defendant has substantial control over aspects of labor relations, Plaintiffs/Class Representatives' and Class Members' working conditions, and the unlawful policies and practices alleged herein. Defendants share common management. For most or all of the relevant time period, Flam has been the common operator of Sleep Products and Sleep USA, maintaining common control, oversight, and direction over the operation of the factory where Plaintiffs/Class Representatives and Class Members have worked. For most or all of the relevant time period, Flam has been the common owner of Sleep Products and Sleep USA, and

13

exercised control and oversight over Defendants' financial matters. Flam, Sleep Products, and Sleep USA, have suffered or permitted Plaintiffs/Class Representatives and Class Members to work under terms and conditions of employment in violation of FLSA and NYLL as alleged *supra.*

33.     Upon information and belief, at all relevant times, Defendants Sleep Products and Sleep USA were enterprises "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 33 as if the same were fully set forth herein.

35.     Plaintiffs/Class Representatives bring the First Cause of Action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all similarly-situated affected employees who have worked in mattress assembly, construction, or packaging, operated machinery, performed administrative and billing tasks, or have otherwise worked in a non-supervisory capacity for Defendants at 1633 Centre Street, Ridgewood, New York in the past three (3) years before the filing of this Complaint, absent tolling of the limitations period, and who have not been paid proper minimum wages and/or overtime compensation as required by FLSA (the "FLSA Collective").

36.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs/Class Representatives and members of the FLSA Collective. Upon information and belief, there are numerous affected employees of Defendants whose job duties and compensation were substantially similar to those of Plaintiffs/Class Representatives who

14

have been underpaid as a result of Defendants' willful failure and refusal to pay the legally

required minimum wages and/or overtime premium. Members of the FLSA Collective would

benefit from the issuance of a court-supervised notice of the instant lawsuit and the opportunity

to join the instant lawsuit. Members of the FLSA Collective are known to Defendants, are

readily identifiable, and can be located through Defendants' records. Notice should be sent to all

members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS—NEW YORK LABOR LAW

37.     Plaintiffs/Class Representatives repeat and reallege the allegations set

forth in Paragraphs 1 through 36 as if the same were fully set forth herein.

38.     Plaintiffs/Class Representatives bring the Second Cause of Action under

NYLL, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a class of all similarly-

situated affected persons consisting of "all employees who have worked in mattress assembly,

construction, or packaging, operated machinery, performed administrative and billing tasks, or

have otherwise worked in a non-supervisory capacity for Defendants at 1633 Centre Street,

Ridgewood, New York in the past six (6) years before the filing of this Complaint, absent tolling

of the limitations period, and who have not been paid proper minimum wages and/or overtime

compensation and/or "spread of hours" compensation as required by NYLL" (the "Rule 23

Class").

39.     Upon information and belief, the persons in the Rule 23 Class are so

numerous that joinder of all members is impracticable. Although the number of such persons is

not known to Plaintiffs/Class Representatives, the facts on which a determination of the precise

number of Rule 23 Class members may be ascertained is contained in records within the sole

15

113095

control of Defendants. Notice to Rule 23 Class members can be provided by means permissible under Fed. R. Civ. P. 23.

40.     Upon information and belief, Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate equitable relief with respect to the Rule 23 Class as a whole.

41.     Questions of law and fact common to the Rule 23 Class predominate over any questions solely affecting individual members of the Rule 23 Class, including, but not limited to:

a.      whether Defendants have failed to keep true and accurate time records of all hours worked and compensation received by Plaintiffs/Class Representatives and members of the Rule 23 Class;

b.      what proof of hours worked and compensation received is sufficient where an employer fails in its duty to maintain true and accurate records;

c.      whether Defendants have failed and/or refused to pay Plaintiffs/Class Representatives and the Rule 23 Class minimum wages for all hours worked within the meaning of NYLL Article 19, § 652(1);

d.      whether Defendants failed and/or refused to pay Plaintiffs/Class Representatives and the Rule 23 Class overtime compensation for all overtime hours worked in excess of forty (40) hours per week within the meaning of NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

e.      whether Defendants failed and/or refused to pay Plaintiffs/Class Representatives and the Rule 23 Class one hour of additional pay at the minimum hourly wage rate for each day during which they worked a spread of more than ten (10) hours where required by NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

f.      whether Defendants failed and/or refused to provide Plaintiffs/Class Representatives and the Rule 23 Class with wage statements, notices upon hire, and annual notices, as required by NYLL § 195(1), (4);

g.      the nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class;

16

h. whether Defendants' policy not to pay minimum wages and/or overtime compensation reflecting all hours worked per week was done willfully or with reckless disregard of NYLL; and

i. whether Defendants' policy of denying "spread of hours" pay was done willfully or with reckless disregard of NYLL.

42. Upon information and belief, the claims of Plaintiffs/Class Representatives are typical of the claims of the Rule 23 Class members they seek to represent. Plaintiffs/Class Representatives and the Rule 23 Class members have worked for Defendants and have not been paid minimum wages and/or overtime compensation and/or "spread of hours" compensation. Plaintiffs/Class Representatives and other Rule 23 Class members have suffered similar losses, injuries, and damage arising from the same unlawful practices, policies, and procedures of Defendants.

43. Plaintiffs/Class Representatives will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs/Class Representatives have retained competent counsel experienced in federal and state court labor law litigation.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage and hour litigation like the instant action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Rule 23 Class members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the damages suffered by individual Rule 23 Class members are not *de minimis*, the damages are relatively small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. The issues in the instant action can be decided by means

17

of common, class-wide proof.

## CLASS-WIDE FACTUAL ALLEGATIONS

45.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 44 as if the same were fully set forth herein.

46.     Upon information and belief, throughout the duration of their employment, Defendants failed to provide Plaintiffs/Class Representatives and Class Members with wage statements documenting all their hours worked or pay received, in violation of NYLL.

47.     Upon information and belief, for most or all of the relevant time period, Defendants failed to completely and accurately document and record the number of hours worked each day or week by most Plaintiffs/Class Representatives and Class Members, as required by FLSA and NYLL.  Defendants failed to completely or accurately document and record total wages paid and total daily or weekly earnings, as required by FLSA and NYLL.

48.     Upon information and belief, for most or all of the relevant time period, Defendants failed to notify Plaintiffs/Class Representatives and Class Members of the minimum wage and overtime provisions of FLSA.  For most or all of the relevant time period, Defendants failed to post in any language, in a place accessible to employees and in a conspicuous manner, the notices of employee rights to receive minimum wages and overtime compensation as required by FLSA, supporting United States Department of Labor regulations, and NYLL.

49.     Upon information and belief, Defendants failed to provide Plaintiffs/Class Representatives and Class Members with notices upon hire or annually, as required by NYLL.

113095

FIRST CAUSE OF ACTION:
FAIR LABOR STANDARDS ACT—UNPAID MINIMUM WAGES
AND/OR OVERTIME AND RECORDKEEPING VIOLATIONS
Brought on Behalf of Plaintiffs/Class Representatives and all Members of the FLSA Collective

50.    Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 49 as if the same were fully set forth herein.

51.    Defendants have engaged in a widespread pattern and practice of violating FLSA, as detailed in this Complaint.

52.    Defendants are employers within the meaning of FLSA and were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.    Plaintiffs/Class Representatives and FLSA Collective members are employees within the meaning of FLSA, 29 U.S.C. § 203(e).

54.    Upon information and belief, for most or all of the relevant time period, Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and members of the FLSA Collective, including, but not limited to, records of total earnings and total wages paid, as required by FLSA, 29 U.S.C. § 211(c), and supporting United States Department of Labor regulations.

55.    The minimum wage provisions set forth in 29 U.S.C. § 206 apply to Defendants. These provisions require that every employee covered by FLSA who is "suffered or permitted to work" must be paid a minimum wage for all hours worked.

56.    Section 206 of FLSA required Defendants to pay employees a minimum of $7.25 per hour for all hours worked from July 24, 2009 to the present.

57.    The overtime compensation provisions set forth in 29 U.S.C. § 207 apply to Defendants. These provisions require that every employee covered by FLSA must be paid

113095

overtime compensation at one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours per week.

58. Section 16(b) of FLSA, 29 U.S.C. § 216(b), entitles such employees to recover all unpaid wages, an equivalent amount as liquidated damages, interest on unpaid wages, reasonable attorneys' fees and costs, and other relief.

59. At all times relevant to this action, Defendants engaged in a policy or practice of failing and refusing to pay Plaintiffs/Class Representatives and members of the FLSA Collective minimum wages and/or overtime compensation for all hours worked.

60. Defendants' failure to pay minimum wage and/or overtime compensation in violation of FLSA, as described in this Complaint, has been willful and intentional. Defendants have not made a good faith effort to comply with FLSA with respect to compensation of Plaintiffs/Class Representatives and members of the FLSA Collective.

61. Because Defendants' violations of FLSA have been willful, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255. Upon information and belief, because Defendants concealed notice from Plaintiffs/Class Representatives and members of the FLSA Collective of their rights to receive minimum wages and/or overtime compensation as required by FLSA and supporting United States Department of Labor Regulations, discussed *supra* in paragraph 48, the claims of Plaintiffs/Class Representatives and members of the FLSA Collective for unpaid minimum wages and/or overtime compensation, plus liquidated damages, interest, reasonable attorneys' fees and costs, and other relief provided by 29 U.S.C. § 216(b), may extend beyond the three (3) year statute of limitations for willful violations of FLSA.

62. As a direct result of Defendants' willful violations of FLSA, Plaintiffs/Class Representatives and members of the FLSA Collective have suffered damages by

20

being denied minimum wages and/or overtime compensation in accordance with 29 U.S.C. § 201 *et seq.*

63.     As a direct result of Defendants' unlawful acts under 29 U.S.C. §§ 206 and 207, Plaintiffs/Class Representatives and members of the FLSA Collective have been deprived of minimum wages and/or overtime compensation in an amount to be determined at trial and are entitled to recovery of such amounts, plus liquidated damages, interest, reasonable attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 216(b).

64.     Members of the FLSA Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written consents to join this action pursuant to 29 U.S.C. § 216(b).

65.     As employers of Plaintiffs/Class Representatives and FLSA Collective members, Defendants are jointly and severally liable for their unpaid wages, plus liquidated damages, interest, reasonable attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION:
NEW YORK LABOR LAW: UNPAID MINIMUM WAGES AND/OR OVERTIME
AND "SPREAD OF HOURS" COMPENSATION, RECORDKEEPING VIOLATIONS
UNDER ARTICLES 19, AND NOTICE AND RECORDKEEPING VIOLATIONS
UNDER ARTICLE 6
Brought on Behalf of Plaintiffs/Class Representatives and all Members of Rule 23 Class

66.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 65 as if the same were fully set forth herein.

113095

Unpaid Minimum Wages, Overtime, and "Spread of Hours" Compensation

67.     Defendants have engaged in a widespread pattern and practice of violating NYLL, as detailed in this Complaint.

68.     At all times relevant, Plaintiffs/Class Representatives and Rule 23 Class members are employees within the meaning of NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

69.     Defendants are employers within the meaning of NYLL.

70.     The minimum wage provisions set forth in Articles 6, §§ 190 *et seq.*, and 19, §§ 650 *et seq.*, of NYLL and the supporting regulations apply to Defendants.

71.     Defendants were required to pay employees a minimum wage of at least $7.25 per hour for all hours worked from July 24, 2009 through the present under NYLL § 652 and the supporting regulations.

72.     The overtime compensation provisions set forth in Article 19 of NYLL and the supporting regulations apply to Defendants.

73.     Defendants failed to pay Plaintiffs/Class Representatives and members of the Rule 23 Class minimum wages and/or overtime compensation for all hours worked or all hours worked in excess of forty (40) hours per week.

74.     The "spread of hours" provisions set forth in Article 19 of NYLL and the supporting regulations apply to Defendants. Defendants are required to pay one hour of additional pay at the minimum hourly wage rate for each day during which employees work a spread of more than ten (10) hours from the start of their shift where required by NYLL Article 19, §§ 650 *et seq.*

75.     Defendants failed to pay Plaintiffs/Class Representatives and members of

22

the Rule 23 Class "spread of hours" compensation for all days in which employees' shifts extended more than ten (10) hours from their start time.

76.     By Defendants' knowing and intentional failure to pay Plaintiffs/Class Representatives and members of the Rule 23 Class minimum wages and/or overtime compensation for all hours worked or all hours worked in excess of forty (40) hours per week and/or "spread of hours" compensation for all days during which employees work a spread of more than ten (10) hours from the start of their shift, Defendants have willfully violated NYLL Article 19 §§ 650 *et seq.* and the supporting regulations.

77.     As a direct result of Defendants' violations of NYLL, Plaintiffs/Class Representatives and members of the Rule 23 Class have suffered damages by being denied minimum wages and/or overtime and/or "spread of hours" compensation for all hours worked.

78.     As a direct result of Defendants' violations of NYLL, Plaintiffs/Class Representatives and members of the Rule 23 Class have been deprived of minimum wages and/or overtime and/or "spread of hours" compensation for all hours worked in an amount to be determined at trial and are entitled to recovery of such amounts, plus liquidated damages, reasonable attorneys' fees and costs, and interest.

79.     Additionally, because Defendants, upon information and belief, concealed notice from Plaintiffs/Class Representatives and members of the Rule 23 Class of their rights to receive minimum wages and overtime compensation as required by NYLL, discussed *supra* in paragraph 48, the claims of Plaintiffs/Class Representatives and members of the Rule 23 Class for unpaid minimum wages and/or overtime compensation, statutory damages, and other relief may extend beyond the six (6) year statute of limitations for violations of NYLL.

23

Recordkeeping Violations under Article 19

80.     The recordkeeping provisions of Article 19 apply to Defendants and

require Defendants to make, keep, and preserve accurate records with respect to Plaintiffs/Class

Representatives and Rule 23 Class members, including, *inter alia*, hours worked each workday,

the rate or rates of pay and the basis thereof, net pay, overtime rate of pay, and overtime hours

worked, as required by NYLL § 661 and supporting regulations.

81.     Upon information and belief, Defendants failed to make, keep, and

preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class

members, including, *inter alia*, the rate or rates of pay and the basis thereof, net pay, overtime

rate of pay, and overtime hours worked, as required by Article 19.

82.     By Defendants' knowing and intentional failure to make, keep, and

preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class

members, Defendants have willfully violated NYLL Article 19 §§ 650 *et seq.* and the supporting

regulations.

Notice and Recordkeeping Violations under Article 6

83.     The recordkeeping provisions of Article 6 apply to Defendants and require

Defendants to make, keep, and preserve accurate records with respect to Plaintiffs/Class

Representatives and Rule 23 Class members, including, *inter alia*, hours worked each workweek,

the rate or rates of pay and the basis thereof, overtime rate of pay, gross and net wages, and

overtime hours worked, as required by NYLL § 195(4) and supporting regulations.

84.     Upon information and belief, Defendants failed to make, keep, and

preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class

24

members, including, *inter alia*, gross and net wages, overtime rate of pay, and overtime hours worked, as required by NYLL § 195(4) and supporting regulations.

85. By Defendants' knowing and intentional failure to make, keep, and preserve records with respect to Plaintiffs/Class Representatives and members of the Rule 23 Class, Defendants have willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting regulations.

86. The recordkeeping provisions of Article 6 require Defendants to provide Plaintiffs/Class Representatives and Rule 23 Class members with wage statements reflecting gross and net wages, overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked with every payment of wages, as required by NYLL § 195(3).

87. Defendants failed to provide Plaintiffs/Class Representatives and Rule 23 Class members with wage statements reflecting gross and net wages, overtime rate of pay, the number of overtime hours worked with every payment of wages, as required by NYLL § 195(3).

88. By Defendants' knowing and intentional failure to provide Plaintiffs/Class Representatives and members of the Rule 23 Class accurate and complete wage statements with every payment of wages, Defendants have willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting regulations.

89. The recordkeeping provisions of Article 6 also require Defendants to provide Plaintiffs/Class Representatives and members of the Rule 23 Class hired after April 9, 2011, with notices upon hire including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number, as required by NYLL § 195(1). Section 195(1) also requires Defendants to provide all Plaintiffs/Class Representatives and members of the Rule 23 Class who were in Defendants' employ as of February 1, 2012 with

an annual notice including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number.

90. Defendants failed to provide Plaintiffs/Class Representatives and members of the Rule 23 Class hired after April 9, 2011 with notices upon hire including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number, as required by NYLL § 195(1). Defendants also failed to provide Plaintiffs/Class Representatives and members of the Rule 23 Class who were in Defendants' employ as of February 1, 2012 with an annual notice including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number.

91. By Defendants' knowing and intentional failure to provide Plaintiffs/Class Representatives and members of the Rule 23 Class with the required notices, Defendants have willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting regulations.

92. As a direct result of Defendants' violations of NYLL, Plaintiffs/Class Representatives and members of the Rule 23 Class are entitled to recover from Defendants' statutory damages for each work week that each wage statement and notice violation continued to occur in an amount to be determined at trial, as well as reasonable attorneys' fees and costs and interest, pursuant to NYLL § 198.

93. As employers of Plaintiffs/Class Representatives and Rule 23 Class members, Defendants are jointly and severally liable for any statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Class Representatives, on their own behalf and on behalf of all other similarly-situated affected employees, pray for the following relief:

113095

A.     That, at the earliest possible time, Plaintiffs/Class Representatives be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Designation of Plaintiffs as Class Representatives of the FLSA Collective and counsel of record as class counsel;

C.     Certification of Rule 23 Class, as set forth above, pursuant to Fed. R. Civ. P. 23;

D.     Unpaid minimum wages and/or overtime compensation, and an additional and equal amount as liquidated damages, pursuant to FLSA and the supporting United States Department of Labor Regulations;

E.     Unpaid minimum wages and/or overtime and/or "spread of hours" compensation pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

F.     Interest;

G.     Statutory damages for Defendants' notice and recordkeeping violations pursuant to NYLL Article 6, §§ 190 *et seq.*;

H.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL and FLSA;

I.     An injunction requiring Defendants to pay all statutorily-required wages and an order enjoining Defendants from continuing their unlawful policies and practices as

27

113095

described herein with respect to members of the FLSA Collective and the Rule 23 Class;

      J.      Reasonable attorneys' fees and costs of the action; and

      K.      Such other legal or equitable relief as this Court shall deem necessary,

just, and proper.

## DEMAND FOR TRIAL BY JURY

      Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: July 23, 2012
      New York, New York

      By:      _William Anspach_

            William Anspach (WA-7233)
            Jae W. Chun (JC-1891)
            Cristina Gallo (CG-3503)

            FRIEDMAN & WOLF
            1500 Broadway, Suite 2300
            New York, New York 10036
            (212) 354-4500
            wanspach@friedmanwolf.com

            Attorneys for Plaintiffs

113095